**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| PROGEAR HOLDINGS INC. ) | CHAPTER 7 |
| EIN: 76-0538705, ) | CASE NO. 10-39213 SBB |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER GRANTING TRUSTEE'S COMBINED MOTION FOR: (1) AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE AT AUCTION FREE AND CLEAR OF LIENS; (2) EMPLOY HERITAGE GLOBAL PARTNERS, AUCTIONEER; (3) REIMBURSE AUCTIONEER FOR EXPENSES UP TO $20,000 AND APPROVE COMPENSATION FOR AUCTIONEER; (4) APPROVE AUCTION PROCEDURES; (5) AUTHORITY TO PAY CERTAIN PROCEEDS TO HOLDER OF SECURED CLAIM; AND (6) SUSPEND 14 DAY STAY UNDER FED.R.BANKR.P. 6004(h)**

THIS MATTER comes before the Court upon the Trustee's Combined Motion for: (1) Authority to Sell Personal Property of the Estate at Auction Free and Clear of Liens; (2) Employ Heritage Global Partners, Auctioneer; (3) Reimburse Auctioneer for Expenses Up To $20,000 and Approve Compensation for Auctioneer; (4) Approve Auction Procedures; (5) Authority to Pay Certain Proceeds to the Holder of Secured Claim, and (6) Suspend 14 Day Stay Under Fed.R.Bank.P. 6004(h) ("*Sale Motion*"), filed by David E. Lewis, Chapter 7 Trustee herein. The Court, having considered such Sale Motion and good cause having been shown, hereby:

ORDERS that the Sale Motion is GRANTED.

IT IS FURTHER ORDERED:

1. Without further Order of the Court or notice to creditors, Trustee is authorized to conduct an auction to sell, assign, transfer and convey the Assets (as described in the Sale Motion) outside the ordinary course of business pursuant to Bankruptcy Code § 363(b). The Excluded Assets (as described in the Sale Motion) shall not be sold at auction.

2. At the closing, the successful bidder at the auction sale of the Assets shall take title to the items purchased and paid for free and clear of all interests pursuant to Bankruptcy Code § 363(f). Any existing liens in such assets shall attach to the proceeds of sale, in the same order and priority as such liens existed in such assets prior to such sale and subject to any existing defenses or grounds for avoidance thereto.

3. The stipulation with Colorado Bank and Trust, N.A. (the "*Bank Stipulation*") filed simultaneously with the Sale Motion is APPROVED and Trustee is authorized to pay the Bank's secured claim pursuant to the terms of the Bank Stipulation from the sales proceeds received at closing.

4. The Exclusive Auction Agreement (the "*Listing Agreement*") with Heritage Global Partners ("*HGP*") is APPROVED and Trustee is authorized to employ HGP, Inc. to act as auctioneer for the estate pursuant to terms set forth in the Listing Agreement.

5. The proceeds of sale and any applicable sales tax shall be paid directly to Trustee. Trustee shall be authorized to pay from the sales taxes paid by Buyers, any applicable sales tax to the appropriate taxing authorities and from the Trustee's share of the sales proceeds reimburse HGP up to $20,000 for actual auction related costs and expenses incurred by HGP.

6. Prior to or at the closing, HGP shall be entitled to collect the Buyer's Premium (as defined in the Sale Motion). Upon closing, HGP shall be entitled to retain the Buyer's Premium as compensation for its services related to the auction.

7. Trustee is authorized and directed to execute and deliver such documents and instruments and take all other actions as may be necessary or appropriate, to effectuate the sale of such assets.

8. The following auction procedures are hereby APPROVED:

   (a) **Sale Date and Closing Date**. Trustee shall schedule an auction for the Assets to occur no later than January 18, 2011, and at the earliest date before then if possible. The closing date shall be within 48 hours from conclusion of the auction.

   (b) **Stalking Horse Bid.** If Trustee is able to reach an agreement on a Stalking Horse Bid, Trustee will supplement the Sale Motion with the terms and conditions of such Stalking Horse Bid. The Stalking Horse Bid may provide for a break-up fee. The terms and conditions of the Stalking Horse Bid are subject to approval by the Bankruptcy Court. Upon approval, the Stalking Horse Bid will be the initial bid at the auction and all competing bids will be subject to the terms of the Stalking Horse Bid.

   (c) **Confidentiality Agreement.** Each potential bidder wishing to receive information regarding the Assets must enter into a confidentiality agreement prior to receiving information.

   (d) **Qualified Bids**. Each party wishing to bid at the auction will need to provide proof of financial ability to close. Such information shall be kept confidential and the financial information shall be provided to HGP no later than 24 hours prior to the auction date. In addition, each qualified bidder must sign a bid form prior to the auction pursuant to which the bidder acknowledges that the bidder has read the Order approving the sale, and agrees: (i) to be bound by the terms and conditions set forth in the Order; (ii) that, if the bidder's bid is accepted, bidder is obligated to close the purchase transaction with Trustee by the closing date; and (iii) that, if bidder fails to timely close the purchase transaction by the closing date, the bidder will be in default, bidder's earnest money will be forfeited and

        Trustee will be free to sell the Assets to the next highest bidder then willing and able to close.

(e) **Earnest Money.** Each party wishing to bid at the auction must make an earnest money deposit in the amount of $25,000 in the form of a cashier's check or other certified funds made payable to Trustee. Deposits will be nonrefundable if the bidder is determined to be the Successful Bidder (as defined below) and such bidder fails to close on the sale. If the Successful Bidder closes on the sale, the earnest money deposit will be applied towards the Purchase Price. The earnest money deposit will be refundable if the bidder is not the Successful Bidder.

(f) **Opening Bid.** The opening bid shall be the amount of the Stalking Horse Bid or if no Stalking Horse Bid, HGP will start with an open auction. In the event that the reserve price is not met, Trustee is authorized to refrain from accepting a lower bid at the auction and to refrain from closing on the sale of the Assets for such lower bid.

(g) **Competing Bids.** Each competing bid must include a cash bid that is at least $10,000 higher than the last bid if the last bid was not made by the Stalking Horse Bidder. If the last bid was made by the Stalking Horse Bidder, the competing bid must be at least $10,000 plus the amount of the approved break-up fee to be the higher and better bid.

(h) **Conclusion of Auction**. Bidding shall continue until determined by HGP Provided the reserve price is met, in the event one or more overbids are made at the auction, the bidder making the last, highest and best overbid, as determined by Trustee and HGP, will be announced as the buyer of the Assets (the "*Successful Bidder*").

9. The fourteen-day (14) stay provided in Fed.R.Bankr.P. 6004(h) and the three-day "order delay" prescribed by Local Bankruptcy Rule 9013-1(c) are hereby be waived.

DATED   January 13, 2011

BY THE COURT:

_/s/ Sid Brooks_
Sidney B. Brooks,
United States Bankruptcy Judge