IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § § | |
| PROGEAR HOLDINGS INC.<br>EIN: 76-0538705, | § § § § § | Chapter 7<br>Case No. 10-39213 SBB |
| *Debtor.* | | |

## TRUSTEE'S NOTICE OF RESULTS OF AUCTION AND MOTION FOR APPROVAL OF SALE TO SUCCESSFUL BIDDER

David E. Lewis, the Chapter 7 trustee herein (the "*Trustee*"), by and through his attorneys, Connolly, Rosania & Lofstedt, P.C., hereby provides notice of the results of the auction of the Assets (as defined below) of Progear Holdings Inc., and moves this Court for an order approving the results of the auction and the sale of the Assets of Progear Holdings Inc. to Adams Golf, Ltd., the successful bidder. In support hereof and for good cause, the Trustee states as follows:

## BACKGROUND

1. Progear Holdings Inc. (the "*Debtor*") filed a voluntary Chapter 7 bankruptcy petition on November 18, 2010. The Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate.

2. On December 23, 2010, the Trustee filed the *Trustee's Combined Motion for: (1) Authority to Sell Personal Property of the Estate at Auction Free and Clear of Liens; (2) Employ Heritage Global Partners, Auctioneer; (3) Reimburse Auctioneer for Expenses Up To $20,000 and Approve Compensation of the Auctioneer; (4) Approve Auction Procedures; (5) Authority to Pay Certain Proceeds to Holders of Secured Claim; and (6) Suspend 14 Day Stay Under Fed.R.Bank.P. 6004(h)* (the "*Sale Motion*").

3. In the Sale Motion, the Trustee proposed a sale at auction of all of the Debtor's right, title, and interest in and to all assets and property of the bankruptcy estate, wherever located, whether or not identified or disclosed on Debtor's books, records and/or Bankruptcy Schedules "AS IS WHERE IS AND WITH ALL FAULTS WITH NO REPRESENTATION MADE BY TRUSTEE," including without limitation, the following, but expressly excluding from such property the Excluded Assets (defined below) (collectively the "*Assets*"):

   (a) **Tangible Personal Property**. All right, title and interest in all tangible personal property owned by the bankruptcy estate including the personal property listed on Schedule B to Debtor's bankruptcy schedules, unless such asset is an Excluded Asset.

(b) **Intangible Property**. All right, title and interest in all intangible personal property owned by the bankruptcy estate, together with all books, records and like items pertaining to the business, including, without limitation, the business, trademarks, trade names, service marks, all plans and specifications for improvements or to the products and services of the Debtor's business, all appraisals, engineering and other reports relating to the products and services of the bankruptcy estate, customers lists, catalogues, and other data bases, correspondence with present or prospective customers and suppliers, advertising materials, and telephone exchange numbers identified with the Debtor (collectively, the "*Intangible Property*"). Intangible Property includes the estate's right title and interest in a patent filed with the United States Patent and trademark Office, as Patent No. 5,637,044 dated June 10, 1997 relating to concentric engraving on the putter heads, and any interest the bankruptcy estate has in registered trademarks, trade name, phone numbers and website. As used in this Agreement, Intangible Property shall in all events exclude: (a) any materials containing privileged communications or information about employees, disclosure of which would violate an employee's reasonable expectation of privacy and any other materials which are subject to attorney-client or any other privilege, and (b) any software or other item of intangible property held by bankruptcy estate pursuant to a license or other rejected contract.

(c) **Denver Inventory**. All right, title and interest in putters, putter heads, accessories, apparel, training aids, components and shafts located at the 7700 Cherry Creek South Drive, Denver, Colorado office space (the "Denver Inventory").

(d) **China Inventory**. The Debtor has traditionally obtained inventory from one to three manufacturers located in China. As of the bankruptcy petition date, the Debtor estimates that Deson Golf Sport Co., Ltd. and Acme Club Company, Ltd., two of these manufacturers, had completed manufacture of approximately twenty thousand putters at invoice costs as shown on the Debtor's Bankruptcy Schedules. The invoices for this product have not been paid. The Buyer may purchase Debtor's rights in this inventory which will remain subject to paying the invoice cost for actual product delivered directly by the manufacturer. Trustee makes no representations or warranties of any kind that any or all of the manufactured inventory can be delivered, or as to the condition of the manufactured inventory.

(e) **Accounts Receivable**. All right, title and interest in instruments, receivables, accounts receivable and unbilled costs and fees, and all causes of action relating or pertaining thereto owned by the bankruptcy estate (collectively, the "*Receivables*"). The Receivables may be bad debt or subject to setoff.

4.      Only the following items are excluded from the Assets to be sold (collectively, the *Excluded Assets*"):

    **(a)**    **Cash and Deposit Accounts**. Cash and all cash equivalents and bank accounts;

    **(b)**    **Lease Deposits**. All lease deposits.

    **(c)**    **Vehicle**. The 2004 Chevrolet Tahoe 4WD 4 Door.

    **(d)**    **Leasehold Improvements**. All leasehold improvements unless otherwise assigned with the lease of the office space.

    **(e)**    **Tax Refunds**. Any refunds from tax authorities with regards to tax periods prior to the Closing Date;

    **(f)**    **Insurance Proceeds**. All insurance proceeds, unearned premiums, claims and causes of action with respect to or arising in connection with (i) any rejected contract which is not assigned to Buyer at the Closing, or (ii) any item of tangible or intangible property not acquired by a buyer at closing;

    **(g)**    **Preference and Other Avoidance Claims**. All preference and other avoidance claims and actions of Trustee, including, without limitation, any such claims and actions arising under §§ 544, 547, 548, 549, and 550 of the Bankruptcy Code.

    **(h)**    **Corporate Documents**. All of Debtor's organizational documents and corporate books and records including, without limitation, Debtor's minute books and stock ledger.

    **(i)**    **Final Draw on Credit Facility with Sino Sporting Company, Ltd**. All interests in the final draw amount on the credit facility with Sino Sporting Company, Ltd. Debtor asserts that the bankruptcy estate's interest in the final draw is subject to liens in favor of Charlene Ricci, Iona Resources Holdings, Ltd. and Joseph Z. Ornelas.

    5.    On January 13, 2011, the Court entered its *Order Granting Trustee's Combined Motion for: (1) Authority to Sell Personal Property of the Estate at Auction Free and Clear of Liens; (2) Employ Heritage Global Partners, Auctioneer; (3) Reimburse Auctioneer for Expenses Up To $20,000 and Approve Compensation of the Auctioneer; (4) Approve Auction Procedures; (5) Authority to Pay Certain Proceeds to Holders of Secured Claim; and (6) Suspend 14 Day Stay Under Fed.R.Bank.P. 6004(h)* (the "*Sale Authorization Order*"). The Sale Authorization Order authorized the Trustee to conduct an auction to sell, assign, transfer and convey the Assets outside the ordinary course of business pursuant to Bankruptcy Code § 363(b).

    6.    The Sale Authorization Order also provided that, at closing, the successful bidder at the auction sale of the Assets shall take title to the items purchased and paid for free and clear of all interests pursuant to Bankruptcy Code § 363(f). Further, the Sale Authorization Order approved a stipulation (the "*Bank Stipulation*") between Colorado Bank and Trust, N.A. (the "*Bank*") and authorized the Trustee to pay the Bank's secured claim pursuant to the terms of the stipulation from the sale proceeds received at closing.

7. Finally, the Sale Authorization Order waived the fourteen (14) day stay provided for in Federal Rule of Bankruptcy Procedure 6004(h) and the three (3) day "order delay" prescribed by Local Bankruptcy Rule 9013-1(c).

## NOTICE OF AND REQUEST FOR ORDER APPROVING RESULTS OF THE AUCTION

8. Pursuant to the Sale Authorization Order, an open auction for the sale of the Assets was conducted on January 18, 2011 with bidders participating online and in person at the Debtor's business location.

9. The process for the sale of the Assets was conducted in accordance with the Sale Authorization Order. Six (6) bidders, each of which was a qualified bidder pursuant to the Sale Authorization Order, participated in the auction for the sale of the Assets. The Trustee afforded interested potential purchasers a full and fair opportunity to qualify as bidders under the Sale Authorization Order and to submit an offer for the Assets.

10. At the conclusion of the auction, the Trustee determined that Adams Golf, Ltd. ("*Adams Golf*") was the Successful Bidder pursuant to the Sale Authorization Order with the highest and best bid for the assets of $1.5 million.

11. The sale of the Assets has closed. Adams Golf has paid the purchase price plus the applicable sales tax and buyer's premium. The Trustee has executed the bill of sale attached hereto as **Exhibit A** acknowledging the sale of the Assets to Adams Golf.

12. The Trustee believes that the auction was conducted in a non-collusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Assets.

13. The Trustee believes that the consideration provided by Adams Golf for the Assets (i) is fair and reasonable, (ii) is the highest and best offer for the Assets, (iii) will provide a greater recovery for all of the estate's stakeholders than would be provided by any other practical available alternative, (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws, and (v) may not be avoided under Bankruptcy Code § 363(n).

14. The Trustee believes that Adams Golf has purchased the Assets in good faith and is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.

15. Bankruptcy Code § 363(m) provides that ""[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in *good faith* . . . ." 11 U.S.C. § 363(m) (emphasis added). While the Bankruptcy Code does not define "good faith," courts have explained:

> [t]he type of conduct of a purchaser which would destroy its good faith status under § 363(m) involves fraud, collusion between the purchaser and

other bidders of the trustee, or an attempt to take grossly unfair advantage of other bidders.

*Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp.*, 106 B.R. 934, 938 (Bankr. N.D. Tex. 1989) (citing *In re Bleaufontaine, Inc.*, 634 F.2d 1383, 1388 (5th Cir. 1981)).

16. There is no suggestion or evidence that Adams Golf has participated in any type of behavior that would prevent it from being considered a good faith purchaser. Adams Golf is not an "insider" of the Debtor within the meaning of § 101(31) of the Bankruptcy Code, and was not controlled by, or acting on behalf of, any insider of the Debtor. Accordingly, the Trustee requests that the Court enter an order finding that Adams Golf is a "good faith" buyer for purposes of § 363(m) of the Bankruptcy Code with respect to the Asset Sale. The Trustee further requests that the Court find that the Asset Sale is not subject to avoidance under § 363(n).

17. Adams Golf has represented to the Trustee that it would not have consummated the sale of the Assets if the Assets were not sold to it free and clear of all liens, claims, encumbrances, and other interests or if Adams Golf would, or in the future could, be liable for any lien, claim, encumbrance, or other interest against the Assets.

FOR THE ABOVE STATED REASONS, the Trustee requests that the Court enter an order (i) approving the sale to Adams Golf as the Successful Bidder free and clear of all liens, claims, encumbrances, or other interests under Bankruptcy Code §§ 363(b) and (f); (ii) finding that Adams Golf is entitled to the protections of Bankruptcy Code § 363(m) as a good faith purchaser of the Assets; and (iii) finding that the consideration provided by Adams Golf for the Assets if fair and reasonable and may not be avoided under § 363(n) of the Bankruptcy Code.

Date: February 2, 2011            Respectfully submitted,

CONNOLLY, ROSANIA & LOFSTEDT, P.C.

By: */s/ Joli A. Lofstedt*
Joli Lofstedt (#21946)
950 Spruce St., Ste. 1C
Louisville, CO 80027
(303) 661-9292
(303) 661-9555 fax
joli@crlpc.com
ellen@crlpc.com

*Counsel to David E. Lewis, Chapter 7 trustee.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 2nd day of February, 2011, a true and correct copy of the forgoing document entitled **TRUSTEE'S NOTICE OF RESULTS OF AUCTION AND MOTION FOR APPROVAL OF SALE TO SUCCESSFUL BIDDER** and **Proposed Order** were mailed, U.S. Postage prepaid, to the following:

United States Trustee
999 18th Street, Suite 1551
Denver, CO  80202

David Lewis, Trustee
1314 Main St. , Ste. 102
Louisville, CO  80027

Stuart J. Carr
2851 S. Parker Rd., Ste. 720
Aurora, CO 80014

Jan L. Hammerman
12605 E. Euclid Dr.
Centennial, CO 80111

Progear Holdings Inc.
7700 Cherry Creek South Dr., Ste. 100
Denver, CO 80231

Donald D. Allen
Markus Williams Young & Zimmermann LLC
1700 Lincoln St., Ste. 4000
Denver, CO 80203

Colorado State Bank & Trust
1600 Broadway
Denver, CO  80202-4999

Heritage Global Partners
Attn: Ross Dove
Hacienda Del Mar
12625 High Bluff Drive Suite 211
San Diego, CA  92130

Scott T. Rodgers
1700 Lincoln St., Ste. 2400
Denver, CO 80203

Dennis Trescott
7120 Saint Johns Way
University Park, FL 34201

Christopher O. Murrey
1200 17th St., Ste. 1500
Denver, CO 08202

**EXHIBIT A**

## BILL OF SALE

The undersigned, David E. Lewis ("*Trustee*"), in his capacity as Chapter 7 trustee of the bankruptcy estate of Progear Holdings Inc. ("*Debtor*"), Case No. 10-39213 SBB pending in the United States Bankruptcy Court for the District of Colorado ("*Bankruptcy Court*"), for $1,500,000 and other good and valuable consideration and pursuant to the ORDER GRANTING TRUSTEE'S COMBINED MOTION FOR: (1) AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE AT AUCTION FREE AND CLEAR OF LIENS; (2) EMPLOY HERITAGE GLOBAL PARTNERS, AUCTIONEER; (3) REIMBURSE AUCTIONEER FOR EXPENSES UP TO $20,000 AND APPROVE COMPENSATION FOR AUCTIONEER; (4) APPROVE AUCTION PROCEDURES; (5) AUTHORITY TO PAY CERTAIN PROCEEDS TO HOLDER OF SECURED CLAIM; AND (6) SUSPEND 14 DAY STAY UNDER FED.R.BANKR.P. 6004(h) entered on January 13, 2011 pursuant to Section 363 of the Bankruptcy Code (the "*Order*"), hereby sells, conveys and transfers to Adams Golf, Ltd. ("*Buyer*") to have and to hold, free and clear of all liens, encumbrances and other interests to extent provided in the Order, all of the right, title and interest in and to all assets and property of the bankruptcy estate, wherever located, whether or not identified or disclosed on Debtor's books, records and/or Bankruptcy Schedules, including without limitation, the following, but expressly excluding from such property the Excluded Assets (defined below) (collectively the "*Assets*"):

(a) **Tangible Personal Property**. All right, title and interest in all tangible personal property owned by the bankruptcy estate including the personal property listed on Schedule B to Debtor's bankruptcy schedules.

(b) **Intangible Property**. All right, title and interest in all intangible personal property owned by the bankruptcy estate, together with all books, records and like items pertaining to the business, including, without limitation, the business, trademarks, trade names, service marks, all plans and specifications for improvements or to the products and services of the Debtor's business, all appraisals, engineering and other reports relating to the products and services of the bankruptcy estate, customers lists, catalogues, and other data bases, correspondence with present or prospective customers and suppliers, advertising materials, and telephone exchange numbers identified with the Debtor (collectively, the "*Intangible Property*"). Intangible Property includes the estate's right title and interest in a patent filed with the United States Patent and trademark Office, as Patent No. 5,637,044 dated June 10, 1997 relating to concentric engraving on the putter heads, and any interest the bankruptcy estate has in registered trademarks (including those listed below and the goodwill of the business symbolized by such trademarks), trade dress, trade names, phone numbers and website. With respect to any intent-to-use trademark application, the bankruptcy estate transfers all of its right, title and interest in that portion of the business in which the estate has a bona fide intent to use the trademark(s). As used in this Agreement, Intangible Property shall in all events exclude: (a) any materials containing privileged communications or information about employees, disclosure of which would violate an employee's reasonable expectation of privacy and any other materials which are subject to attorney-client or any other

privilege, and (b) any software or other item of intangible property held by bankruptcy estate pursuant to a license or other rejected contract.

| Jurisdiction | Registration No. / Application No. | Registration Date / Application Date |
|---|---|---|
| Benelux Trademark/Design Office | 0778636 | Nov 22, 2005 |
| Benelux Trademark/Design Office | 781825 | Dec 6, 2005 |
| Canada | 687753 | May 15, 2007 |
| Canada | 687755 | May 15, 2007 |
| Canada | 687754 | May 15, 2007 |
| China | 4600194 | Feb 14, 2008 |
| European Union | 004341517 | Mar 16, 2005 |
| European Union | 004342581 | Mar 16, 2005 |
| Japan | 4379873-2 | Apr 28, 2000 |
| Japan | 2578495-2 | Sep 30, 1993 |
| Japan | 5134955 | May 16, 2008 |
| Japan | 4906209 | Nov 4, 2005 |
| Japan | 5134956 | May 16, 2008 |
| Japan | 2449300 | May 8, 2001 |
| United States | 77/340,659 | Nov 29, 2007 |
| United States | 3886369 | Dec 7, 2010 |

(c) **Denver Inventory.** All right, title and interest in inventory, finished goods, work in process, raw materials, spare parts and other material and supplies owned by the bankruptcy estate, including putters, putter heads, accessories, apparel, training aids, components and shafts located at the 7700 Cherry Creek South Drive, Denver, Colorado office space (the "*Denver Inventory*").

(d) **China Inventory.** The Debtor has traditionally obtained inventory from one to three manufacturers located in China (the "*China Inventory*"). As of the bankruptcy petition date, the Debtor estimates that Deson Golf Sport Co., Ltd. and Acme Club Company, Ltd., two of these manufacturers, had completed manufacture of approximately twenty thousand putters at invoice costs as shown on the Debtor's Bankruptcy Schedules. The invoices for the China Inventory have not been paid. The Buyer's rights in the China Inventory will remain subject to paying the invoice cost for actual product delivered directly by the manufacturer. Trustee makes no representations or warranties of any kind that any or all of the China Inventory can be delivered, or as to the condition of the China Inventory.

(e) **Accounts Receivable.** All right, title and interest in instruments, receivables, accounts receivable and unbilled costs and fees, and all causes of action relating or pertaining thereto owned by the bankruptcy estate (collectively, the "*Receivables*"). The Receivables may be bad debt or subject to setoff.

**Excluded Assets.** Only the following items are excluded from the Assets to be sold (collectively, the "Excluded Assets"):

2

(a) **Cash and Deposit Accounts.** Cash and all cash equivalents and bank accounts;

(b) **Lease Deposits.** All lease deposits.

(c) **Vehicle.** The 2004 Chevrolet Tahoe 4WD 4 Door.

(d) **Leasehold Improvements.** All leasehold improvements unless otherwise assigned with the lease of the office space.

(e) **Tax Refunds.** Any refunds from tax authorities with regards to tax periods prior to the Closing Date;

(f) **Insurance Proceeds.** All insurance proceeds, unearned premiums, claims and causes of action with respect to or arising in connection with (i) any rejected contract which is not assigned to Buyer at the Closing, or (ii) any item of tangible or intangible property not acquired by a buyer at closing;

(g) **Preference and Other Avoidance Claims.** All preference and other avoidance claims and actions of Trustee, including, without limitation, any such claims and actions arising under §§ 544, 547, 548, 549, and 550 of the Bankruptcy Code.

(h) **Corporate Documents.** All of Debtor's organizational documents and corporate books and records including, without limitation, Debtor's minute books and stock ledger.

(i) **Final Draw on Credit Facility with Sino Sporting Company, Ltd.** All interests in the final draw amount on the credit facility with Sino Sporting Company, Ltd. Debtor asserts that the bankruptcy estate's interest in the final draw is subject to liens in favor of Charlene Ricci, Iona Resources Holdings, Ltd. and Joseph Z. Ornelas.

The Assets shall be sold "AS IS WHERE IS AND WITH ALL FAULTS WITH NO REPRESENTATIONS MADE BY TRUSTEE."

DATE: January 20, 2011.

_____
David E. Lewis, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Progear Holdings, Inc., pending in the United States Bankruptcy Court for the District of Colorado, Case No. 10-39213 SBB.

STATE OF COLORADO      )
                       )
COUNTY OF BOULDER      )

The foregoing instrument was acknowledged before me this 20 day of January, 2011, by David E. Lewis, Chapter 7 trustee of the bankruptcy estate of Progear Holdings, Inc., Case No. 10-39213 SBB in the United States Bankruptcy Court for the District of Colorado.

Witness my hand and official seal.

_____
Notary Public

My commission expires: 05-13-2014

[Notary Seal: GAIL M. MICHIE, NOTARY PUBLIC, STATE OF COLORADO]

4